1 | Stephen D. Weisskopf, Esq. (State Bar No. 213596)
sweisskopf@tocounsel.com
2 | THEODORA ORINGHER MILLER & RICHMAN PC
2029 Century Park East, Sixth Floor
3 | Los Angeles, California 90067-2907
Telephone: (310) 557-2009
4 | Facsimile: (310) 551-0283

**NOTE CHANGES MADE BY THE COURT**

5 | Stephen J. MacKenzie, Esq. (admitted pro hac vice)
SMacKenzie@wcsr.com
6 | WOMBLE CARLYLE SANDRIDGE & RICE, PLLC
222 Delaware Avenue, Suite 1501
7 | Wilmington, Delaware 19801
Telephone: (302) 252-4320
8 | Facsimile: (302) 252-4330

9 | Attorneys for Plaintiffs REMBRANDT DATA TECHNOLOGIES, LP

FILED
CLERK, U.S. DISTRICT COURT

MAY 26 2009

10 | Nate L. Dilger, Esq. (State Bar No. 196203)
ndilger@turnergreen.com
11 | TURNER GREEN LLP
535 Anton Boulevard, Suite 850
12 | Costa Mesa, California 92626
Telephone: (714) 434-8750
13 | Facsimile: (714) 434-8756

14 | Attorneys for Third-Party CONEXANT SYSTEMS, INC.

15

16 | **UNITED STATES DISTRICT COURT**

17 | **CENTRAL DISTRICT OF CALIFORNIA**

18 | **SOUTHERN DIVISION**

19

| | |
|---|---|
| REMBRANDT DATA TECHNOLOGIES, LP, | Case No. SACV09-00478 DOC (SSx) Honorable David O. Carter, Dept. 9D Magistrate Judge Suzanne H. Segal Courtroom 23 |
| Plaintiff, | |
| vs. | **STIPULATED PROTECTIVE ORDER RE SOURCE CODE** |
| CONEXANT SYSTEMS, INC., | Discovery Cutoff:  May 15, 2009 Final Pretrial:  May 21, 2009 Trial Date: |
| Defendant. | |

748675.1/20821.0500514753.1

1

STIPULATED PROTECTIVE ORDER RE SOURCE CODE

1       This Stipulated Protective Order supplements the Stipulated Protective Order filed in

2 the case currently pending in the Eastern District of Virginia ("the Virginia Protective

3 Order"), styled *Rembrandt Data Technologies, LP v. AOL, LLC et al*, Case No. 1:08-cv-

4 01009-GBL-IDD ("the Virginia Action"). The provisions of the Virginia Protective Order

5 are hereby incorporated by reference in their entirety.[1] In addition to the protections

6 offered by the Virginia Protective Order, this Stipulated Protective Order provides further

7 protection for the production of any material by Conexant that comprises or reflects any

8 computer source code. Conexant may designate any such material as "HIGHLY

9 CONFIDENTIAL – SOURCE CODE."

10     1. Rembrandt agrees that it will not use any materials designated HIGHLY

11         CONFIDENTIAL – SOURCE CODE for any other purpose other than prosecuting

12         the Virginia Action.

13     2. Access to information designated HIGHLY CONFIDENTIAL – SOURCE CODE

14         shall be limited to the following individuals ("Authorized Persons"):

15            a. The Court and its employees;

16            b. Attorneys at the law firms of Theodora Oringher Miller & Richman PC,

17                and Womble Carlyle Sandridge & Rice, PLL ("Rembrandt's Outside

18                Counsel"), including associated personnel necessary to assist outside

19                counsel in the case, such as paralegals, litigation assistants, clerical staff,

20                technical staff, and vendors who are actively engaged in assisting such

21                counsel with respect to this litigation (but not retained experts, other than

22                as provided below), provided that each such individual has signed the

23                written acknowledgment attached as **Exhibit A** indicating that he has read,

24                understood, and agrees to abide by the terms of this Stipulated Protective

25                Order;

26

27

28

---

[1] To the extent the provisions of this Stipulated Protective Order conflict in any respect with the provisions of the Delaware Protective Order, the provisions of this Stipulated Protective Order shall control.

748675.1/20821.0500514753.1

2

STIPULATED PROTECTIVE ORDER RE SOURCE CODE

c.  any certified shorthand or court reporters retained to report a deponent's testimony taken in this litigation;

d.  Barry Aronson, provided that Mr. Aronson has signed the written acknowledgment attached as **Exhibit A** indicating that he has read, understood, and agrees to abide by the terms of this Stipulated Protective Order;

e.  Miguel Gomez, provided that Mr. Gomez has signed a written acknowledgment attached as **Exhibit A** indicating that he has read, understood, and agrees to abide by the terms of this Stipulated Protective Order; and

f.  any person whom Conexant agrees in writing may receive such protected information.

3.  Materials designated HIGHLY CONFIDENTIAL – SOURCE CODE shall be viewed by Authorized Persons only on non-networked computers in secure, locked areas within the confines of the United States offices of Rembrandt's Outside Counsel.

4.  Materials designated HIGHLY CONFIDENTIAL – SOURCE CODE may not be copied, emailed, uploaded, or otherwise transferred without Conexant's prior written consent. Rembrandt's Outside Counsel may include, however, excerpts of materials designated HIGHLY CONFIDENTIAL – SOURCE CODE of length no more than absolutely necessary for purposes of the litigation in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("Restricted Confidential Documents").

5.  Access to Restricted Confidential Documents shall be limited to Authorized Persons.

6.  Rembrandt's Outside Counsel may only store and access Restricted Confidential Documents on a computer and on a computer network that restricts access to all but Authorized Persons. Rembrandt's Outside Counsel may send Restricted Confidential Documents to Authorized Persons via electronic mail, provided that the

748675.1/20821.0500514753.1

3

STIPULATED PROTECTIVE ORDER RE SOURCE CODE

1   Restricted Confidential Documents are first encrypted using PGP or comparable
2   encryption methods.

3   7. Any and all Restricted Confidential Documents, including printouts or photocopies
4   of Restricted Confidential Documents shall be marked "RESTRICTED
5   CONFIDENTIAL – SOURCE CODE." Should such printouts or photocopies be
6   transferred back to electronic media, such media shall continue to be labeled
7   "RESTRICTED CONFIDENTIAL – SOURCE CODE" and shall continue to be
8   treated as such.

9   8. Those pages or exhibits of a Restricted Confidential Document containing or
10   otherwise disclosing source code will be separately bound, stamped and treated as
11   RESTRICTED CONFIDENTIAL – SOURCE CODE.  When any Restricted
12   Confidential Document is filed with the Court, the separately bound portion stamped
13   and treated as RESTRICTED CONFIDENTIAL – SOURCE CODE shall be filed
14   under seal. When hard copies of any Restricted Confidential Documents are retained
15   by any Authorized Person, that Authorized Person shall keep the separately bound
16   portions stamped and treated as RESTRICTED CONFIDENTIAL – SOURCE
17   CODE in a secure, locked area or destroy them in a manner that ensures they cannot
18   be salvaged, such as cross-shred shredding or incineration;

19   9. In the case of a deposition wherein the deponent is questioned regarding Restricted
20   Confidential Documents, the entire deposition transcript shall be deemed temporarily
21   designated as RESTRICTED CONFIDENTIAL – SOURCE CODE.  Within thirty
22   (30) days after receipt of the transcript, any party may request permission from
23   Conexant to de-designate certain portions of the deposition transcript to a lower
24   confidentiality designation or to designate only certain portions of the deposition
25   transcript as RESTRICTED CONFIDENTIAL – SOURCE CODE.  Conexant agrees
26   to act in good faith and to not unreasonably withhold such permission to de-
27   designate any portion of the deposition transcript that does not disclose highly-
28   confidential information regarding Conexant source code.

10. Each Restricted Confidential Document stored on a computer or computer network shall be individually password-protected so as to restrict access from all but Authorized Persons.

11. Rembrandt's Outside Counsel shall maintain a log of all Restricted Confidential Documents or other files containing Conexant source code that are created, printed, photocopied, uploaded or transferred, including via electronic mail.

12. Rembrandt's Outside Counsel may temporarily keep or view Restricted Confidential Documents at:

    a.    the sites where any depositions relating to the Source Code are taken for the dates associated with the taking of the deposition;

    b.    the Court; or

    c.    any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to a deposition),

provided that Rembrandt's Outside Counsel takes all necessary precautions to protect the confidentiality of such materials while they are in such intermediate locations.

13. Unless otherwise ordered or agreed in writing by Conexant, within sixty days after the final termination of the Virginia Action, any party receiving any materials designated HIGHLY CONFIDENTIAL – SOURCE CODE or RESTRICTED CONFIDENTIAL – SOURCE CODE must return all such Protected Materials to Conexant. As used in this subdivision, "Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from Conexant, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to Conexant by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned and/or destroyed.

14. Nothing herein shall restrict the manner or way in which Conexant handles its own source code.

DATED: May 22 , 2009          Theodora Oringher Miller & Richman PC


By: _____
Stephen D. Weisskopf, Esq.
Attorneys for Plaintiffs
REMBRANDT DATA TECHNOLOGIES, LP


DATED: May 22, 2009          Turner Green LLP


By: _____
Nathaniel L. Dilger
Attorneys for Third-Party
CONEXANT SYSTEMS, INC.

This court finds
good cause to protect source code
information. The court finds that
disclosure of source code information
could cause harm to
the producing party
if no protective
order was in place.

(SHS)

IT IS SO ORDERED.
DATED: 5/26/09
_____
UNITED STATES MAGISTRATE JUDGE

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ in the case styled *Rembrandt Data Technologies, LP v. AOL, LLC et al*, Case No. 1:08-cv-01009-GBL-IDD.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint Stephen D. Weisskopf, Esq. of THEODORA ORINGHER MILLER & RICHMAN PC, 2029 Century Park East, Sixth Floor, Los Angeles, California 90067-2907 as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____   City/ State: _____

Printed name: _____

Signature: _____

748675.1/20821.05005 14753.1

7

STIPULATED PROTECTIVE ORDER RE SOURCE CODE